IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
3/13/26 7:29 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN RE:                                          )
                                                )   Bankruptcy No. 25-23453 GLT
David L. Rager                                  )   Chapter 13
Reagan L. Fike-Rager,                           )
          Debtor(s)                             )   Docket No.  19 and 22
                                                )
                                                )
                                                )
David L. Rager,                                 )
          Movant(s)                             )
                                                )
     Vs.                                        )
                                                )
                                                )
Ronda J. Winnecour, Chapter 13 Trustee,         )
          Respondent(s)                         )

## ORDER EMPLOYING SPECIAL COUNSEL

AND NOW, this 13th  day of March_____, 2026__, upon consideration of the ***APPLICATION FOR EMPLOYMENT OF SPECIAL COUNSEL FOR THE DEBTOR'S LONG TERM DISABILITY CLAIM*** , it is hereby ORDERED, ADJUDGED and DECREED as follows:

1.      The above referenced Application is hereby approved as of the date the Application was filed.

2.      Dylan Krett, Esquire and Robert Pierce & Associates, P.C. at 437 Grant Street, Suite 1100, Pittsburgh, PA 15219 is hereby appointed as *Special Counsel* for the Estate/Debtor pursuant to the terms (including compensation terms) described in the Fee Agreement attached to the above referenced Motion/Application for the limited purpose of acting as attorney in connection with the interest of the Estate/Debtor in prosecuting a Long Term Disability Claim as referenced to in the foregoing Motion/Application, *provided however,* no settlement of any claim is to occur without prior Court Order after notice and hearing.

3.      Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well including:  the time and labor reasonably required by counsel, the novelty and difficulty of the issues presented, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances , the experience, reputation and ability of the attorneys involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

4.      Approval of any application for appointment of counsel in which certain hourly rates/compensation terms are stated for various professionals is not an agreement by the Court to allow fees at the requested hourly rates or compensation terms.  Final compensation, awarded only after notice

and hearing may be more or less than the requested hourly rates/compensation terms based on application of the above-mentioned factors in granting approval by Court Order.

5.    *Applicant shall serve the within Order on all interested parties and file a certificate of service.*

Prepared by:   Kenneth Steidl, Esq.

**DEFAULT ENTRY**

Dated: March 13, 2026

Gregory L. Taddonio
Chief United States Bankruptcy Judge